**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION**

| | |
|---|---|
| CONCRETE WASHOUT SYSTEMS, INC., a California corporation,<br><br>              Plaintiff,<br>vs.<br><br>WASHOUT SYSTEMS, LLC, KENNETH T. LOPER, SAM GARRARD, and Does 1-100,<br><br>              Defendants. | Case No.: 2:08-CV-2214-GEB-KJM<br><br>**ORDER GRANTING CONCRETE WASHOUT SYSTEMS, INC.'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>Date: December 1, 2008<br>Time: 9:00 A.M.<br>Courtroom: 10 |

On October 30, 2008, plaintiff Concrete Washout Systems, Inc. ("CWS") filed a motion for preliminary injunction in which it seeks to enjoin defendant Washout Systems, LLC ("WOS") and its agents, officers, employees, and representatives from using, selling, or giving away CWS' technology (concrete washout systems boxes). Defendants countered with a motion for expedited discovery and for additional time within which to respond to Plaintiff's motion. The court heard the matter on December 1, 2008. About half an hour prior to the hearing, Defendants filed a reply to their motion to expedite discovery. Plaintiff's counsel stated she did not know Defendants' reply brief had been filed.

The Court finds the following facts relevant to its conclusions of law:[1]

1. CWS is the owner of several patents on its invention of concrete washout systems boxes (Patent numbers 7,118,633; 7,121,288; 7,124,767). *See* Declaration of Mark A. Jenkins ("Jenkins Decl."), ¶4. The invention is a specially designed concrete washout systems box that is used to collect and recycle concrete waste from construction sites. *Id*., ¶ 4 and Exhibits 2, 3 & 4. Concrete trucks and pumping trucks are easily washed out using the unique stationary and fold-down ramp

---

[1] Findings of fact and conclusions of law made in connection with this motion are not binding adjudications. Opposite conclusions may be reached at trial on the merits. *See Porsche Cars North America, Inc. v. Spencer*, 55 U.S.P.Q.2d 1026, n.3 (E.D.Cal. 2000).

extension. *Id*. Furthermore, a non-stick liner inside the concrete washout systems box permits the convenient removal of the concrete waste once it has hardened. *Id.*

2. CWS licenses entities to conduct rental businesses using these unique concrete washout systems boxes. *See* Jenkins Decl., ¶ 9 and Exhibits 5-9. CWS' income is derived from licensing out these patented concrete washout systems boxes. Jenkins Decl. Exhibit 1, p.1. CWS does not allow unauthorized persons or entities to use those boxes. Jenkins Decl., ¶ 9. If unauthorized persons or entities use CWS' proprietary boxes, that use diminishes the value of CWS' proprietary rights. Jenkins Decl., ¶ 9.

3. CWS signed a licensing agreement with WOS, a Nevada limited liability company on September 17, 2004. Jenkins Decl., ¶ 3 and Exhibit 1. In this agreement ("Agreement"), CWS granted WOS a "non-transferable and non-exclusive" license to purchase concrete washout systems boxes and to operate a rental business in portions of Nevada. Jenkins Decl., Exhibit 1.

4. In return for the use of these licensed technology rights, WOS agreed to pay CWS "$55 (fifty-five) dollars per month . . . for each concrete washout systems box purchased/leased" by WOS. Jenkins Decl., Exhibit 1.

5. WOS failed to pay CWS the agreed upon licensing fees. Jenkins Decl., ¶ 5. The unpaid invoice for May 2008 totaled $25,078.21. Jenkins Decl., ¶ 5.

6. On May 19, 2008, CWS sent WOS written notice of its failure to comply with the terms of the Agreement. Jenkins Decl., ¶ 6 and Exhibit 6. This notice comports with the relevant provisions of the Agreement. The Agreement states "If LICENSEE fails to comply with any of its obligations set forth in this Agreement, LICENSOR shall . . . notify LICENSEE in writing of the violation." Jenkins Decl., Exhibit 1. WOS failed to cure its breach after written Notice of Violation. Jenkins Decl., ¶ 7.

7. On July 28, 2008, CWS sent WOS a written notice of termination, providing WOS with notice that CWS had terminated the Agreement. Jenkins Decl., ¶ 7 and Exhibit 7. Pursuant to the Agreement, CWS has the right to terminate the Agreement "for the failure of LICENSEE to fulfill its obligations . . . if such failure continues more than 30 (thirty) days after a Notice of Violation has been issued . . . ." Jenkins Decl., Exhibit 1.

8.  As a result of WOS's failure to comply with the Agreement or to cure the breach, CWS contends the Agreement has been cancelled. *Id.*, Exhibit 7.  Thus, WOS's license to use CWS' concrete washout systems boxes has ceased.  Nonetheless, WOS continues to use CWS' concrete washout systems boxes. *See id.*, ¶ 8.

This Court has subject matter jurisdiction under 28 U.S.C. § 1332.  This Court, therefore, retains equitable power to issue a preliminary injunction under applicable substantive law.  Fed. R. Civ. P. 2; *Califano v. Yamasaki*, 442 U.S. 682, 705 (1979).

For a preliminary injunction to issue, plaintiff must show "either a likelihood of success on the merits and the possibility of irreparable injury, or that serious questions going to the merits are raised and the balance of hardships tips sharply in its favor." *Immigrant Assistance Project of the L.A. County Fed'n of Labor v. INS*, 306 F.3d 842, 873 (9th Cir. 2002).

Plaintiff asserts that Defendants' actions constitute a breach of contract.  It is undisputed that Plaintiff and WOS entered into a written license agreement.  Jenkins Decl. Ex. 1.  Plaintiff asserts Defendants breached the agreement by failing to pay license fees.  Defendants counter since Plaintiff terminated the license agreement, Plaintiff has no post-termination contractual right to prevent Defendants from using the concrete washout systems boxes Defendants have already purchased.  However, this argument is waived because it was raised for the first time in Defendants' reply to their motion to expedite discovery.  Further, this argument is unpersuasive since the agreement provided Defendants a license "to operate a rental business using [Plaintiff's] concrete washout systems boxes."  (Jenkins Decl. Exh. 1.)

Defendants also argue their entitlement to expedited discovery and additional time to respond to Plaintiff's motion, contending this is necessary so they can understand what technology is covered by the license agreement and whether Defendants' concrete washout systems boxes infringes Plaintiff's patents.  However, Mark A. Jenkins, Plaintiff's President, declares the technology that is the subject of the license agreement is covered by three of Plaintiff's patents.  Jenkins Decl., ¶ 4.  Further, these three patents were submitted as exhibits to Plaintiff's motion.  Plaintiff also rejoins that evidence regarding Defendants' own boxes is within Defendants' possession.  Since the patents at issue were included in the motion and

1  Defendants have failed to show a need for such discovery by declaration, Plaintiff is correct.
2  Since Defendants have not shown they need expedited discovery, their motion is denied.
3  Plaintiff has shown a likelihood of proving breach of contract.

4  Regarding irreparable injury, Plaintiff avers that CWS' income is derived from licensing out
5  these patented concrete washout systems boxes.  Jenkins Decl. Exhibit 1, p.1.  CWS does not allow
6  unauthorized persons or entities to use those boxes. Jenkins Decl., ¶ 9.  If unauthorized persons or
7  entities use CWS' proprietary boxes, that use diminishes the value of CWS' proprietary rights.
8  Jenkins Decl., ¶ 9.

9  One of the fundamental and valuable aspects of a patent is the right to exclude others from
10  using one's invention.  *See* 35 U.S.C. § 154.  In light of Plaintiff's likelihood of success on the
11  merits, its inability to control the use of its invention will constitute irreparable injury.  *See Holley*
12  *v. Hunt*, 13 Cal. App. 2d 335, 336 (1936) (quoting *Morrison v. Woodbury*, 105 Kan. 617 (1919))
13  (affirming injunction to enjoin defendants, who had business arrangement with plaintiff, from
14  further making or selling patent-applied-for metal toe protector).

15  Plaintiff further avers that CWS is unlikely to find another licensee who is willing to operate a
16  rental business in those portions of Nevada where WOS was operating, and continues to operate,
17  using CWS' unique technology.  Jenkins Decl., ¶ 9.  This could cost CWS business. Jenkins Decl.,
18  ¶ 9.

19  Defendants counter Plaintiff has not shown it will suffer irreparable injury since Plaintiff does
20  not diligently enforce its patent rights; specifically, Defendants argue Plaintiff has allowed
21  Minegar Environmental Systems, Inc. ("Minegar") to continue using Minegar's concrete washout
22  systems boxes and seek expedited discovery regarding this issue.   Plaintiff rejoins Minegar's
23  continued use stems from a consent decree entered in the District Court for the Central District of
24  California, that settled a lawsuit between Plaintiff and Minegar, and declared Plaintiff's patents
25  valid and enforceable.  (Pl.'s Req. for Judicial Notice Exh. 1.)  Accordingly, Defendants have not
26  shown that Minegar's continued use of its boxes is due to Plaintiff's lack of enforcement of its
27  patents.

28

1    Irreparable harm arises from the chilling effect on Plaintiff's potential licensees who would be
2    faced with competing with Defendants while it does not pay for, or comply with, its license.
3    *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 841 (9th Cir. 2001)
4    (threatened loss of prospective customers and goodwill constitutes irreparable harm in
5    trademark context; citing *Tom Doherty Assocs., Inc. v. Saban Entertainment, Inc.*, 60 F.3d 27,
6    37-38 (2nd Cir. 1995) (deprivation of opportunity to expand business is irreparable harm in
7    trademark licensing case)).  Plaintiff has established the possibility of suffering irreparable harm
8    if an injunction is not entered in its favor.

9    Defendants raise for the first in their reply brief filed on December 1, 2008 the arguments that
10   Plaintiff has not enforced its intellectual property rights against A Track-Out Solution, LLC, and
11   that Defendants will suffer hardship if the preliminary injunction is granted.  These arguments
12   should have been made in Defendants' opposition to Plaintiff's preliminary injunction motion.
13   Accordingly, these arguments are waived.

14   Upon considering the motion and the arguments at the hearing on the motion, and good
15   cause appearing, Plaintiff's motion for preliminary injunction is GRANTED upon the terms set
16   forth as follows:

17       1.    Concrete Washout Systems, Inc. must post a bond in the amount of $10,000.00
18   within fifteen (15) days with the Clerk.  This injunction shall be effective immediately upon the
19   Court's receipt of Concrete Washout Systems, Inc.'s bond.

20       2.    Defendant Washout Systems, LLC and its agents, officers, employees, attorneys and
21   all those persons acting in concert or participation with any of them who receive actual notice of this
22   Order by personal service or otherwise are enjoined from using, selling, or giving away the concrete

23   //
24   //
25   //
26   //
27   //
28   //

1  washout systems boxes that Washout Systems, LLC obtained from plaintiff Concrete Washout
2  Systems, Inc. or its authorized manufacturers.
3  IT IS SO ORDERED.
4  December 23, 2008
5  GARLAND E. BURRELL, JR.
   United States District Judge