IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONCRETE WASHOUT SYSTEMS, INC., | ) |
| Plaintiff, | ) 2:08-cv-02214-GEB-KJM |
| v. | ) ORDER[*] |
| WASHOUT SYSTEMS, LLC, KENNETH T. LOPER, SAM GARRARD, N. CHRISTOPHER LYNCH AND WILLIAM F. ERWIN, and DOES 100, | ) |
| Defendants. | ) |

On June 25, 2009, Plaintiff Concrete Washout Systems, Inc.("CWS") filed an application for issuance of an order that would require Defendants to show cause why they should not be held in contempt and sanctioned for violating the preliminary injunction ("PI") filed December 24, 2008. Defendants counter the PI is not specific and definite enough to justify granting CWS's application, and CWS has not provided sufficient evidence to support its application. (Defs.' Corrected Opp'n 3:16-4:28.)

The PI enjoined Defendants " . . . from using . . . the concrete washout system boxes that [Defendant Washout Systems, LLC ("WOS")] obtained from [CWS] or its authorized manufacturers." (PI

---

[*] This matter was determined to be suitable for decision without oral argument. E.D. Cal. R. 78-230(h).

1

5:20-6:2.)  Defendants argue the PI "cites to patent law as the basis to preclude WOS's use of the concrete washout boxes . . . [and to] . . . CWS's patented technology," but fails to "identify what patented technology deserves protection." (Defs.' Corrected Opp'n 2: 23-3:2.)  Defendants contend this omission is purposeful because "CWS knows that its patents may not cover all the boxes that WOS and others use." (Defs.' Corrected Opp'n 3:7-8.) Defendants also cite to an exhibit attached to their opposition as support for this argument, which appears to be one of CWS's presentations on its patented concrete washout boxes. (Defs.' Corrected Opp'n 3:7-11.) The statement made in this exhibit is that "CWS patents may not cover a rampless concrete washout container *without a liner*." (Defs.' Corrected Opp'n, Ex. 1.)

Defendants' argument that the PI is not specific and definite is unpersuasive because the basis for the PI was WOS's breach of the licensing agreement between CWS and the WOS ("Agreement"), not infringement of CWS's patents.  Although the *subject* of the Agreement was "covered by CWS's three patents," the *subject* of the dispute between CWS and Defendants was WOS's breach of the Agreement.  The Agreement gave WOS a "license to purchase concrete washout system boxes" from CWS and CWS's "authorized fabricator[s]," and to "operate a rental business in portions of Nevada" in exchange for a licensing fee (PI 2:9-14; CWS's App. 3:1-2; Agreement 3, ¶ 6a.)  The Agreement also required "WOS [to] obtai[n] concrete washout boxes [painted grey in color] bearing 'Concrete Washout Systems'" with WOS's "company name and telephone number" "lettered in blue." (CWS's App. 3:1-3; Agreement 3, ¶ 6a.) "As a result of WOS's failure" to pay the licensing fee as required under the Agreement, the Agreement was cancelled, yet WOS

"continu[ed] to use CWS's concrete washout systems boxes." (PI 3:1-4.) In light of the breach and "continued" use, the PI enjoins Defendants from "using . . . the concrete washout systems boxes that [WOS] obtained from CWS or its authorized manufacturers." (PI 3:24-26.)

CWS alleges in its application that WOS "continues to use the concrete washout systems boxes that WOS obtained from CWS or its authorized manufacturers in direct contravention of this Court's [PI]." (CWS's App. 2:22-24.) CWS supports its application with a declaration from its President Mark Jenkins ("Jenkins"), in which he declares that on June 1, 2009 he witnessed WOS trucks and three grey concrete washout boxes that Defendants were enjoined from using being used in Las Vegas, Nevada where WOS operates it business. (Jenkins' Decl. 2:3; CWS's Reply 2:8-9.) Jenkins declares these boxes bore the "'Concrete Washout Systems'" name in blue on the outside, which matches the description in the Agreement. (Jenkins' Decl. 2:10, 17-18, 23-25; CWS's Reply 2:8-9.) Jenkins also declares that one truck had "a telephone number with the 702 area code for Las Vegas." (Jenkins Decl. 2:10-12.) Further, Jenkins declares a second truck had a "telephone number with a Las Vegas area code." (Jenkins Decl. 2:17-20.) Jenkins declares a third truck had "the telephone number for WOS." (Jenkins Decl. 2:23-24.) CWS shows that the lettering on the concrete boxes is "placed as indicated on Attachment B to the . . . Agreement" and that the boxes "bear only a box number on the front of the box in accord with . . . the . . . Agreement." (CWS's Reply 2:11-13; Attachment B to the Agreement; Agreement 4, ¶6.) CWS also attaches to its application Exhibit 1, which is a DVD video with footage of the trucks and concrete washout boxes that Jenkins

1 describes in his declaration.  Defendants object to the CWS's video,
2 and move to have this evidence "stricken from the record for lack of
3 foundation and because it is inadmissible hearsay." (Defs.'
4 Evidentiary Objection 1).  This objection is overruled since Jenkins'
5 declaration provides sufficient foundation for admission of this
6 exhibit.
7        Defendants counter that CWS does not provide any evidence
8 that the referenced "concrete washout boxes were 'obtained from [CWS]
9 or its authorized manufacturers.'" (Defs.' Corrected Opp'n 3:23-25.)
10 This argument is unpersuasive in light of Jenkins' declaration which
11 describes the concrete washout systems boxes Jenkins witnessed in use
12 by WOS that match the description of the concrete washout boxes
13 described in the Agreement between CWS and WOS.
14        Defendants further argue that CWS has not provided "any
15 evidence that [the] boxes [at issue] embody CWS patented technology."
16 (Defs.' Corrected Opp'n 3:23-25.)  This argument also fails because
17 CWS has shown through Jenkins's declaration that the boxes in use
18 match those described in the Agreement, which concerned CWS's
19 technology "covered by CWS's three patents." (PI 3:24-26.)  Defendants
20 also argue that "most of the boxes" in WOS's "possession 'were
21 obtained from Snider Leasing'" and that "CWS makes no effort in its
22 [a]pplication to distinguish concrete washout boxes owned by Snider
23 Leasing." (Defs.' Corrected Opp'n 4:9-13.)  Defendants, however,
24 offer no evidence to support this argument.
25        The movant for a civil contempt finding "has the burden of
26 showing by clear and convincing evidence that the contemnors violated
27 a specific and definite order of the court.  The burden then shifts to
28 the contemnors to demonstrate why they were unable to comply." FTC v.

1  Affordable Media, LLC, 179 F.3d 1228, 1239 (9th Cir. 1999)(internal
2  quotations and citation omitted).  CWS has sustained its burden.
3         Lastly, Defendants rely on the Supreme Court decision in
4  Quanta Computer, Inc. LG Electronics, Inc to argue CWS's application
5  for an order to show cause is barred, because WOS "unconditionally
6  purchased" the concrete washout boxes and under the "doctrine of
7  patent exhaustion . . . the initial authorized sale of patented items
8  terminates all patent rights to that item." (Defs.' Corrected Opp'n
9  4:21-22.); 128 S.Ct. 2109, 2115 (2008).  CWS counters that Quanta is
10 inapplicable here because the basis of the PI in this case involves a
11 breach of the Agreement between CWS and WOS, not a patent infringement
12 claim as in Quanta.  The Supreme Court noted in Quanta that it
13 "express[ed] no opinion on whether contract damages might be available
14 even though exhaustion operates to eliminate patent damages."  128
15 S.Ct. at 2122, n.7.
16         Since Plaintiff has met its burden for an application to
17 show cause, Defendants shall show cause on September 28, 2009, in
18 courtroom 10, commencing at 9:00 a.m., why Defendants should not be
19 held in contempt and sanctioned for failing to comply with the PI.
20 Defendants may file a supplemental opposition on or before September
21 14, 2009.  CWS may file a reply on or before September 21, 2009.
22 Dated:  September 1, 2009

                                    _____
                                    GARLAND E. BURRELL, JR.
                                    United States District Judge